**Opinion issued July 11, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00246-CV

_____

**DAVID LEE DANIELS, III, Appellant**

**V.**

**ZLOS INVESTMENT TRUST, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1181380**

---

## MEMORANDUM OPINION

Appellant, David Lee Daniels, III, filed a pro se notice of appeal from the trial court's March 30, 2022 final judgment. The appellate record was completed on June 18, 2022. However, on June 14, 2022, prior to the appellate record being completed, appellant filed a brief with the Court.

Texas Rule of Appellate Procedure 38.1 outlines items which must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellant's failure to file a brief that complies with the requirements of rule 38.1 can result in the Court striking a brief, and ultimately, in dismissal of an appeal. *See Bennett v. Jenkins*, No. 01-21-00557-CV, 2022 WL 3268531, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2022, no pet.) (dismissing appeal for want of prosecution where pro se appellant failed to file "corrected brief" after Court struck brief for failure to comply with Texas Rule of Appellate Procedure 38.1). Appellant's June 14, 2022 brief failed to comply with rule 38.1.

Because the reporter's record had not yet been filed at the time appellant filed his June 14, 2022 brief, the brief failed to contain "record references" or "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record," as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(d), (g), (i).

Further, while appellant's June 14, 2022 brief included a section titled "[t]imeline & [p]rocedural [h]istory," the rules do not include such a section heading among the required items. To the extent that this section was intended as a "statement of the case," it failed to comply with the rules because a statement of the case "should be supported by record references, seldom should exceed one-half page, and should not discuss the facts." *See* TEX. R. APP. P.38.1(d). Additionally,

to the extent that this section was intended as a "statement of the facts," it failed to comply with the rules because a statement of the facts "must state concisely and without argument the facts pertinent to the issues or points presented," and further, the "statement must be supported by record references." *See* TEX. R. APP. P. 38.1(g). This section of appellant's June 14, 2022 brief did not include any record references, was approximately eleven pages long, and included an argumentative discussion of the purported facts.

Texas Rule of Appellate Procedure 38.1 also requires an appellant's brief to include an "issues presented" section which "must concisely state all issues or points presented for review." *See* TEX. R. APP. P. 38.1(f). Appellant's June 14, 2022 brief included an "issues presented" section, however, it failed to comply with the rules as the section was approximately eight pages long and did not limit its discussion to a concise statement of the issues or points presented for review.

Additionally, an appellant's brief in an appellate court "must not exceed . . . 15,000 words if computer generated, and 50 pages if not." *See* TEX. R. APP. P. 9.4(i)(2)(B). And a brief "must include a certificate . . . [of] an unrepresented party stating the number of words in the document." *See* TEX. R. APP. P. 9.4(i)(3). Appellant's June 14, 2022 brief did not include a certificate of compliance stating the number of words in the document.

For these reasons, on August 30, 2022, the Court struck appellant's June 14, 2022 brief and ordered appellant to file a corrected brief that complied with the Texas Rules of Appellate Procedure. Appellant was directed to file his corrected brief within thirty days of the date of the order striking his June 14, 2022 brief. *See* TEX. R. APP. P. 38.6(d). However, appellant failed to timely file a corrected brief.

On December 19, 2022, the Clerk of this Court notified appellant that the time to file his corrected brief had expired, and that this appeal was subject to dismissal unless a corrected brief or a motion to extend time to file a corrected brief was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). Despite the notice that this appeal was subject to dismissal, appellant did not adequately respond.

Accordingly, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3, 43.2(f); *Orozco v. Reserve at Pecan Valley Apartments*, No. 04-21-00447-CV, 2022 WL 848363, at *1 (Tex. App.—San Antonio Mar. 23, 2022, no pet.) (mem. op.); *In re W.A.F.*, No. 04-19-00723-CV, 2020 WL 5913842, at *1 (Tex. App.—San Antonio Oct. 7, 2020, no pet.) (mem. op.) (after appellate court struck appellant's brief for failure to comply with Texas Rule of Appellate Procedure 38.1, appellant failed to file amended brief as ordered, and appellate court dismissed

4

appeal for want of prosecution); *see also Averett v. Huffman Indep. Sch. Dist.*, No. 01-19-00482-CV, 2020 WL 717543, at *1 (Tex. App.—Houston [1st Dist.] Feb. 13, 2020, no pet.) (mem. op.) ("When an appellant fails to file a brief, we may dismiss his appeal for want of prosecution."). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.